## Commonwealth ex rel. v. Petruska

*Ira R. Hill,* for petitioner.

SMITH, J., August 23, 1943.—This case comes before the court upon petition by the Commonwealth of Pennsylvania, Department of Public Assistance, for an order directing the Secretary of Banking to pay out of funds on deposit in the name of Alexander Petruska or Sander or Sandor Petruska, at the Pennsylvania Deposit Bank of McKeesport, the money held there. The claim of the Department of Public Assistance is based upon general assistance in the sum of $343, furnished to him as set forth in the sworn probate of account which is attached to the petition, which payments cover various periods from August 17, 1938, to June 11, 1941, a total of 69 weeks.

No suit has been entered by the Department of Public Assistance against this beneficiary, and no judgment has been recovered. The department did notify the

Secretary of Banking of its claim, and claims the right to be paid out of the funds on deposit without the necessity of having first reduced the claim to judgment. Upon receipt of the notice of claim of the Department of Public Assistance, the Secretary of Banking caused a notation of this claim to be placed against the account of the said Alexander or Sander or Sandor Petruska in the records of the Pennsylvania Deposit Bank of McKeesport. In his account filed in court, the Secretary of Banking noted that the said account was in dispute and claimed by the Department of Public Assistance.

All interested parties received notice of the account and the date for hearing. On April 13, 1943, the date fixed for hearing, the said Alexander or Sander or Sandor Petruska did not appear.

Section 712 of the Department of Banking Code of May 15, 1933, P. L. 565, prohibits any execution against moneys legally in the custody or in possession of an institution of which the Secretary of Banking is in possession as receiver, except on special leave of court. The section provides further:

"In lieu of the right to issue an attachment against money or property belonging to others, which is legally in the custody or possession of such institution, a plaintiff may proceed as follows: He may give written notice of his claim to the secretary, or to the deputy receiver of such institution, and he shall thereafter present proof in the regular manner provided by this act for the proof of the claim, which he is attempting to attach. After the filing of the regular account of the secretary, the court shall adjudicate the matter as in the case of other disputed claims. Where two or more plaintiffs attempt to attach the same claim in this manner, the order in which they shall take, as among themselves, shall be determined by the order in which written notice of their claims was received by the secretary."

The Secretary of Banking through counsel asserted that the method of attachment provided by the Depart-

ment of Banking Code could be used only if the Department of Public Assistance were in a position to issue an attachment execution by having first reduced its claim to judgment.

With this contention the court is not in agreement. There is before the court at the present time a probated claim setting forth facts sufficient to entitle the Department of Public Assistance to a judgment if suit were instituted. All parties in interest have been notified, and the person most vitally interested (Alexander or Sander or Sandor Petruska) failed to appear at the hearing. The notice to him of the date of hearing, and the nature and character of the claim of the Department of Public Assistance, gave him ample opportunity to present a defense. This he failed to do. Neither substantial justice nor the statute requires the bringing of an additional suit. The court will therefore direct the Secretary of Banking to pay to the Department of Public Assistance out of the funds of Alexander or Sander or Sandor Petruska, now in the hands of the secretary as receiver of the Pennsylvania Deposit Bank of McKeesport, the sum of $343.